

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 5, 1958

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-383

Re: Transfer of surplus property between agen-
cies of the State pursuant to the provi-
sions of Article 666, Revised Civil Statutes
of Texas, 1925, as amended by Senate Bill
190, Acts of 55th Legislature, Regular Ses-
sion, 1957, chapter 414, page 1247.

Dear Mr. Calvert:

You have requested our opinion on the following ques-
tion:

"1. You are respectfully requested to advise
this office if State Agencies covered by the above
Section No. 4. (a) [of Article 666, Revised Civil
Statutes of Texas, 1925, as amended by Senate Bill
190, Acts of 55th Legislature, Regular Session,
1957, chapter 414, page 1247] may transfer surplus
properties to each other without re-imbursement be-
ing made to the transferor." (brackets ours).

Subdivision (a) of Section 4 of Article 666, Revised
Civil Statutes of Texas, 1925, as amended by the Salvage and Sur-
plus Act of 1957, provides:

"All state agencies which determine that they
have surplus property shall inform the Board of the
kind, number, location, condition, and original cost
or value and date of acquisition of the property.
The Board may inform other state agencies of the ex-
istence, kind, number, location and condition of any
surplus property. Any state agency when so informed
may negotiate directly with the other agencies for
an inter-agency transfer of the property but shall
inform the Board of its interest in order that the
property will not be sold or disposed of before a
transfer may be made. If a transfer of surplus prop-
erty is made the agencies taking part in the transfer

shall mutually agree on the value of the transferred property and shall report the value to the Comptroller. The Comptroller shall credit and debit their respective appropriations and adjust the state inventory records to show the transfer if inventoried property is transferred. Transfers of surplus property shall be reported to the Board but the consent of the Board shall not be required for any transfer. After surplus property is reported to the Board it shall not be sold by the reporting agency unless written authority to sell is given by the Board."

Under the 1957 amendment to Article 666, state agencies governed by the provisions of Section 4 are authorized to transfer property between such agencies. The Legislature has not directed that any particular sum of money shall be credited or debited to the respective appropriations. On the contrary, the Legislature has required that the transferor be reimbursed only in the amount that the transferor and the transferee have mutually agreed upon and no minimum value is placed on any property.

Therefore, you are advised that where the agencies taking part in the transfer mutually agree that the property has no value for the purpose of debit and credit of appropriations, transfer of surplus property may be made without any reimbursement being made to the transferor.

## SUMMARY

Pursuant to the provisions of subdivision (a) of Section 4 of Article 666, Revised Civil Statutes of Texas, 1925, as amended by Senate Bill 190, Acts of 55th Legislature, Regular Session, 1957, Chapter 414, page 1247, State agencies may transfer surplus properties to each other without reimbursement being made to the transferor, provided such agencies mutually agree that the transferred property has no value for the purpose of debit and credit of appropriations.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:wam:pf:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
J. C. Davis, Jr.
Wayland C. Rivers, Jr.
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL

BY:    W. V. Geppert